SCOTT KEITH WILSON, Federal Public Defender (7347)
VANESSA M. RAMOS, Assistant Federal Public Defender (7963)
Federal Public Defender's Office
46 W. Broadway, Ste. 110
Salt Lake City, UT 84101
Phone: (801) 524-4010
Email: vanessa_ramos@fd.org

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN DEE ADAMS,<br><br>Defendant. | MOTION IN LIMINE RE: DEFENDANT'S POSSESSION OF A HANDCUFF KEY<br><br>Case No. 2:22-cr-00419-DBB |

Mr. Adams moves to prohibit the government from introducing any evidence through testimony or exhibits relative to his possession of a handcuff key.

### A.     Relevant Facts

Mr. Adams is charged with assault of a federal officer under 18 U.S.C. § 111(a). The government alleges officers came to his home to arrest him on a warrant. It is alleged that while at the doorway and/or porch area to the home, agents attempted to restrain Mr. Adams. It is alleged that Mr. Adams retreated into his home to resist officers' efforts. During this exchange, the government alleges Mr. Adams elbowed one of the officers in the face and/or injured the officer's thumbnail.

Mr. Adams had a handcuff key in his wallet. Officers discovered the key after arresting Mr. Adams and searching his wallet.[1]

B.     **Relevant Rules**

The Federal Rules of Evidence (FRE) prohibit the introduction of evidence that is not relevant to any fact in issue. The Rule states:

> Evidence is relevant if:
>
> (a) It has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) The fact is of consequence in determining the action.

FRE 401.

The Federal Rules of Evidence prohibits the introduction of relevant evidence if its probative value is outweighed by its potential prejudicial effect. The Rule states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

FRE 403.

C.     **Argument**

Nothing about Mr. Adams's possession of a handcuff key is relevant to whether he assaulted a federal officer near the threshold of his home during an attempt to arrest him. There is nothing about the key that makes it more or less probable he committed assault. It is simply not probative of his intent.

In discussing materiality, the Tenth Circuit stated in *United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998), "under Rule 401 a fact is 'of consequence' when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an

---

[1] The government's exhibit list includes a photo of the handcuff key as Exhibit 14. Mr. Adams will conventionally file a thumb drive with all disputed exhibits for the court's review.

issue that is necessary to a verdict." *Id.* There is no inference or chain of inferences that ties Mr. Adams's possession of a handcuff key to his intent to commit an assault with his elbow.

Even if the court finds some relevance, the probative value is substantially outweighed by risks of unfair prejudice and confusion of the jury. The government intends to offer testimony and a photographic exhibit of the handcuff key found in Mr. Adams's wallet. The government would have the jury infer some nefarious purpose to possessing such a key. Such speculative evidence will only serve to confuse and mislead the jury away from the actual issue to be determined: whether Mr. Adams intentionally assaulted an officer. "Evidence may be unfairly prejudicial if it would likely provoke an emotional response from the jury or would otherwise tend to adversely affect the jury's attitude toward a particular matter." *See United States v. Rodriguez*, 192 F.3d 946, 951 (10th Cir. 1999). Testimony and a photograph of a handcuff key found *after* the alleged assault will only serve to provoke an emotional response and unfairly cast Mr. Adams in a negative light.

For these reasons, Mr. Adams moves to exclude any evidence of the handcuff key.

RESPECTUFLLY SUBMITTED this 22nd day of May, 2023.

> */s/* Vanessa M. Ramos
> VANESSA M. RAMOS
> Assistant Federal Defender