TRINA A. HIGGINS, United States Attorney (#7349)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
MICHAEL P. KENNEDY, Assistant United States Attorney (#8759)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JUSTIN DEE ADAMS, Defendant. | Case No. 2:22-cr-419 UNITED STATES MOTION IN LIMINE TO ADMIT EVIDENCE OF OFFENSE UNDERLYING ARREST |

The United States respectfully moves for an order permitting the introduction of evidence of the offense for which Defendant was being arrested—assault of an officer on January 6, 2021 in Washington D.C.—and that evidence of this crime was openly observable at his residence at the time of his arrest.

This evidence presents motive for the Defendant's assault and is therefore probative of his "motive, intent, preparation, plan, … absence of mistake, or lack of accident," as expressly permitted under Rule 404(b). Therefore, it is submitted for a proper purpose.[1]

Proof of Defendant's intent is relevant. Evidence of other crimes or bad acts is admissible where the other act and the charged offense are "connected offenses . . . and tends to show that the

---

[1] It is not for the purpose of proving Defendant's violent character and that he acted accordingly. The United States is not introducing evidence—such as road rage incidents—that might serve such a purpose. The United States reserves the right to introduce such evidence if Defendant opens the door by introducing character evidence.

act for which the accused is being tried was not inadvertent, accidental, unintentional or without guilty knowledge." *Hanks v. United States*, 388 F. 2d 171, 174 (10th Cir. 1968) (internal citations and quotation marks omitted); *see United States v. Shumway*, 112 F. 3d 1413, 1421-22 (10th Cir. 1997). Where, as here, a defendant is charged with fleeing, obstructing justice, or assault arresting officers, it has been routinely observed that such charge is connected to the underlying substantive offense.[2] Proof that the Defendant committed the offense he was being arrested for tends prove that when officers came to arrest him, the Defendant *intentionally* assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer. Defendant intentionally interfered with his arrest because wished to avoid both his own apprehension and law enforcement's discovery of the incriminating evidence that was in the open in his garage. That his assault was *intentional* is a critical element of the offense.

The probative value of this evidence is not substantially outweighed by the risk of unfair prejudice. Evidence of a prior assault does not present a risk of unfair prejudice when trying a subsequent assault, even when entirely disconnected.[3] To be sure, the Defendant's underlying offense came within the context of the January 6, 2021 Capitol riots, a widely publicized event. But that does not change the overall *balance* of its probative and prejudicial values. The public attention to the Capitol riots prosecutions would have strengthened and intensified Defendant's motive to avoid apprehension due to embarrassment and fear of the consequences. In any event, there is no

---

[2] *See United States v. Williamson*, 482 F. 2d 508, 511-12 (5th Cir. 1973) (finding denial of severance proper where evidence of drug offenses would have been admissible in separate trial on assault to prove motive and that the officers were engaged in performance of their official duties); *United States v. Steele*, 550 F. 3d 693, 702 (8th Cir. 2008) ("Had separate trials been held [for burglary and assault of burglary victim and for assault on officer], the evidence of each alleged assault would likely have been admissible under Rule 404(b) in the other trial."); *United States v. Bourassa*, 411 F. 2d 69, 74 (10th Cir. 1969) (evidence of bail jumping connected to substantive counterfeiting offense); *United States v. Morales*, 868 F. 2d 1562, 1572 (11th Cir. 1989) (approving denial of motion to sever assault charge because "much of the evidence concerning the drug transaction would have been admissible in a separate trial of Morales's assault charge"); *United States v. Gabay*, 923 F. 2d 1536, 1540 (11th Cir. 1991) ("evidence of the counterfeiting is admissible to prove the motive for the flight").

[3] *See United States v. Utley*, 62 Fed. App'x 833, 835-36 (10th Cir. 2003) (unpublished decision).

reason to believe the jury cannot be impartial despite the publicity and notoriety of that events.[4] It is now two years past. Proper voir dire and jury instructions[5] should suffice to ensure empaneling a jury that will consider the evidence only for its proper purposes. The United States will not spend a significant amount of time presenting evidence of this incident at trial. It involves some additional testimony from one of the trial witnesses, and introduction of two video recordings.[6]

Accordingly, this evidence is being introduced for a proper purpose, it is relevant, its probative value outweighs any risk of unfair prejudice, and an instruction can cure any potential prejudice. The evidence should be admitted.

Respectfully submitted,

DATED: May 22, 2023

TRINA A. HIGGINS
United States Attorney

/s/ Carl D. LeSueur
CARL D. LESUEUR
MICHAEL P. KENNEDY
Assistant United States Attorneys

---

[4] Notably, the District of Columbia is able to seat within-district juries to hear cases against people outside their district for charges arising from these events within their district. *See, e.g., United States v. Oliveras*, 2023 WL 196679, *3 (D.D.C. Jan. 17, 2023) (collecting cases denying transfer motions brought on basis of D.C. jury pool's emotional connection to the events of January 6, 2021); *United States v. Ballenger*, 2022 WL 16533872, *5 (D.D.C. Oct. 28, 2022) ("The Court finds no reason to presume prejudice on the part of this district's venire prior to voir dire, the appropriate tool here for rooting out prejudice. Like defendants in other scandals or January 6 cases, [defendants] can be tried fairly and impartially in the District of Columbia."). There is no reason to believe the Court and the parties in this District are less able to select a jury that will follow the Court's instructions.

[5] *See* Attachment 1 (draft instruction).

[6] A prior crime is admissible even without a conviction as long as there is sufficient evidence for a jury to reasonably conclude the defendant committed the acts. *Huddleston v. United States*, 485 U.S. 681, 689 (1988). The evidence should not be disputed: The depiction on the videotapes speaks for itself. The United States is also introducing the arrest warrant, which shows the victim was acting on federal authority as required by Section 111. Therefore, this is intrinsic evidence of the offense.